UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
DAVID WILLIAMS,

                           Plaintiff,                          AMENDED COMPLAINT

     -against-                                             Civil Action No.: 14-5959

COUNTY OF NASSAU, INCORPORATED
VILLAGE OF HEMPSTEAD, VILLAGE OF
HEMPSTEAD LIEUTENANT MONTERA,
VILLAGE OF HEMPSTEAD POLICE OFFICER
MICHAEL HOLLY, VILLAGE OF HEMPSTEAD
POLICE OFFICER JAMES MORRIS, VILLAGE        JURY TRIAL DEMANDED
OF HEMPSTEAD POLICE OFFICER GABRIEL
TORRES, JOHN DOE NASSAU COUNTY POLICE
DEPARTMENT OFFICERS.

                           Defendants.
-----------------------------------------------------------------X

        The Plaintiff, complaining of the defendants, by his attorney, BARKET MARION EPSTEIN & KEARON, LLP, respectfully shows to this Court and alleges that he suffered abuse and sustained injury at the hands of the above defendants.

## JURISDICTION AND VENUE

        1.     Jurisdiction is founded upon the existence of a Federal Question.

        2.     This is an action to redress the deprivation under color of statute, ordinance, regulation, custom, or usage of rights, privileges, and immunities secured to plaintiff by the Fourth and Fourteenth Amendments to the Constitution of the United States pursuant to 42 U.S.C. §1983 and arising under the laws and statutes of the State of New York.

        3.     Jurisdiction is founded upon 28 U.S.C. §§1331, 1343(3), and 1343(4), this being an action authorized by law to redress the deprivation under color of law, statute, ordinance,

1

regulation, custom and usage of a right, privilege, and immunity secured to plaintiff by the Fourth and Fourteenth Amendments to the Constitution of the United States.

4. That venue is proper pursuant to 28 U.S.C. §1391(b)(1&2).

5. The matter in controversy exceeds, exclusive of interest and costs, the sum or value of ONE HUNDRED FIFTY THOUSAND ($150,000.00) DOLLARS.

6. That an award of attorney's fees is appropriate pursuant to 42 U.S.C. §1988.

7. That this Court has jurisdiction to hear plaintiff's state claims pursuant to 28 U.S.C. §1367.

## JURY DEMAND

8. Pursuant to the Seventh Amendment of the United States Constitution, Mr. David Williams requests a jury trial on all issues and claims set forth in this Complaint.

## PARTIES

9. Plaintiff, David Williams, is a resident of Nassau County in the State of New York.

10. Defendant County of Nassau is a municipality that is a political subdivision of the State of New York, was the employer of John Doe defendants and is and was at all times relevant to this complaint responsible for the policies, practices, and customs of the Nassau County Police Department.

11. Defendant John Doe officers were at all times relevant to this complaint duly appointed and acting police officers of the Nassau County Police Department, acting under color of law pursuant to the statutes, ordinances, regulations, policies, customs and usage of the County of Nassau and the State of New York.

12. Defendant Incorporated Village of Hempstead is a body politic and incorporated village empowered to exercise home rule. The Incorporated Village of Hempstead as well as the Nassau County Legislature, the County's policymaker, has delegated final policymaking authority for the supervision and control of the Incorporated Village of Hempstead to the duly appointed Commissioner of the Incorporated Village of Hempstead Police Department.

13. The individually named Village of Hempstead Defendant Officers and Lieutenant were employees of the Incorporated Village of Hempstead Police Department acting within the scope of their employment, and under color of law pursuant to the statutes, ordinances, regulations, policies, customs and usage of the Incorporated Village of Hempstead, County of Nassau and the State of New York.

## **PENDENT STATE CLAIMS**

14. That Notice of the Plaintiff's claims, the nature of the claims and the date of, the time when, the place where and the manner in which the claims arose were duly served upon the County of Nassau within ninety days of the acts giving rise to this Complaint.

15. A 50-H hearing was not requested.

16. That more than thirty days have elapsed since the Notice of Claim has been served upon the defendants and the said defendants have neglected or refused to make any adjustment or payment thereof.

17. That this action is commenced within one year and ninety days after the causes of action arose.

18. That New York CPLR § 1601 does not apply pursuant to the exception provided by CPLR § 1602 (1) (b).

## STATEMENT OF FACTS

19. On July 15, 2013, David Williams rendered assistance to a victim of an assault.

20. Thereafter, members of the Nassau County Police Department arrived near the scene and arrested David Williams.

21. Nassau County transferred custody of David Williams to the Village of Hempstead, which then took David Williams near the back of an ambulance for a "showup" in front of the assault victim.

22. In front of Defendants including but not limited to Defendant Torres and Defendant Morris, and as reported immediately thereafter to Defendant Montera, the assault victim looked at David Williams, said David Williams was not the culprit and that he was trying to alleviate the assault rather than participate in it.

23. Despite their awareness of the exculpatory showup, the Village of Hempstead defendants kept David Williams in Village of Hempstead handcuffs, put him in the back of a Village of Hempstead police cruiser with his hands cuffed behind his back, and drove him to a Village of Hempstead police station where he was not free to leave.

24. Ultimately, the Village of Hempstead defendants transferred custody of David Williams back over to Nassau County—but failed to report to any members of the Nassau County Police Department that the victim had affirmatively exculpated David Williams at a showup.

25. Without this exculpatory information, Nassau County allowed David Williams to languish in jail from July 15, 2013 until July 23, 2013, at which time a grand jury returned No True Bill.

**DAMAGES**

26. The actions of the defendants deprived plaintiff David Williams of his civil rights under the Fourth and Fourteenth Amendments to the United States Constitution, and under the laws for New York.

27. The unlawful, intentional, willful, deliberately indifferent, reckless, and/or bad-faith acts and omissions of the defendants caused David Williams to be wrongly seized, incarcerated and maliciously prosecuted for crimes he did not commit.

28. The unlawful, intentional, willful, deliberately indifferent, reckless, negligent, and/or bad-faith acts and omissions of the defendants caused David Williams the following injuries and damages, which were foreseeable to the defendants at the time of their acts and omissions, and which continue to date into the future: mental anguish, emotional distress, loss of professional opportunity, loss of income, legal expenses, loss of reputation, humiliation, indignities, embarrassment, and degradation for which he is entitled to monetary relief.

29. All the acts and omissions committed by the defendants described herein for which liability is claimed were done intentionally, unlawfully, maliciously, wantonly, recklessly, negligently and/or with bad faith, and said acts meet all of the standards for imposition of punitive damages.

**COUNT I**

**Claim for False Arrest and Unlawful Search and Seizure pursuant to
42 U.S.C. § 1983 in violation of the Fourth Amendment**

30. Mr. David Williams hereby incorporates by reference all of the foregoing paragraphs and further alleges as follows.

31. That the plaintiff's rights have been violated under the Fourth Amendment of the United States Constitution pursuant to 42 U.S.C. § 1983, in that plaintiff was illegally seized.

32. That the said acts, were caused by the defendants without any legal justification.

33. That the Defendants confined Mr. David Williams, that the defendants intended to confine Mr. David Williams, that Mr. David Williams was conscious of the confinement, Mr. David Williams did not consent to the confinement and the confinement was not otherwise privileged.

34. That the said seizure and unlawful detention was caused by the defendants acting individually and/or acting together but nevertheless acting without authority of the law and without any legal basis or probable cause to believe that Mr. David Williams was in fact guilty of crimes.

35. That the said seizure and unlawful detention was caused by the Defendants before any formal proceeding had begun and before there was probable cause to arrest.

36. That by reason of the unlawful seizure, the Mr. David Williams incurred physical, emotional and pecuniary harms, suffered humiliation, mental anguish, embarrassment, damage to his reputation in the community and he was otherwise injured.

37. That by reason of the aforesaid, the plaintiff has been damaged in an amount to be determined at trial and an award of attorney's fees is appropriate pursuant to 42 U.S.C. §1988.

## COUNT II

### Claim for Malicious Prosecution pursuant to 42 U.S.C. § 1983 in Violation of the Fourth and Fourteenth Amendments

38. Mr. David Williams hereby incorporates by reference all of the foregoing paragraphs and further alleges as follows.

39. The defendants, despite knowing that probable cause did not exist to arrest and prosecute Mr. David Williams, acted individually and in concert to cause Mr. David Williams to

be arrested and prosecuted. The defendants' conduct violated Mr. David Williams's rights pursuant to the Fourth and Fourteenth Amendments of the United States Constitution to be free from unreasonable search and seizure.

40. Specifically, defendants knew or in the absence of their deliberate and reckless indifference to the truth, should have known that probable cause did not exist to arrest and prosecute Mr. David Williams.

41. The defendants' acts were shocking and were performed by the defendants with deliberate and reckless disregard for the truth and with malice.

42. In fact, the charges against Mr. David Williams were dismissed. The prosecution was terminated in Mr. David Williams's favor.

43. Defendants' actions to deprive Mr. David Williams of his liberty without probable cause were in violation of clearly established constitutional law and no reasonable law enforcement authority would have believed that the defendants' actions were lawful.

44. As a direct and proximate result of defendants' actions, Mr. David Williams was wrongly prosecuted and suffered injuries and damages as set forth above.

45. That by reason of the malicious prosecution, Mr. David Williams incurred physical harm, mental anguish, emotional distress, loss of professional opportunity, loss of income, legal expenses, loss of reputation, humiliation, indignities, embarrassment, and degradation for which he is entitled to monetary relief.

46. That by reason of the aforesaid, the plaintiff has been damaged in an amount to be determined at trial and an award of attorney's fees is appropriate pursuant to 42 U.S.C. §1988.

## COUNT III

### Supervisor Liability pursuant to 42 U.S.C. § 1983 in Violation of the Fourth and Fourteenth Amendments

47. Plaintiff repeats, reiterates and realleges each and every allegation contained in the prior paragraphs with the same force and effect as if more fully and at length set forth herein.

48. That the plaintiff's rights have been violated under the Fourth and Fourteenth Amendments to the United States Constitution by the defendants who were supervisors of the officers and who violated and abused plaintiff's rights.

49. That these defendants, who were supervisors had actual and constructive knowledge of the illegal seizure, false arrest, and malicious prosecution which were being committed by their subordinates against the plaintiff.

50. That the defendant supervisors did cause the plaintiff's harms by failing to remedy the patterns of false arrest and malicious prosecution and other constitutional violations that the defendants committed after learning of them, and by creating a policy and custom under which unconstitutional practices occurred and was tolerated.

51. Defendant officers who were supervisors were grossly negligent in managing their subordinates.

52. That by reason of the unlawful seizure, detention, and malicious prosecution, Mr. David Williams incurred physical harm, mental anguish, emotional distress, loss of professional opportunity, loss of income, legal expenses, loss of reputation, humiliation, indignities, embarrassment, and degradation for which he is entitled to monetary relief.

53. That by reason of the aforesaid, the plaintiff has been damaged in an amount to be determined at trial and an award of attorney's fees is appropriate pursuant to 42 U.S.C. §1988.

## COUNT IV

## 42 U.S.C. § 1983 – Monell Claim

54. Plaintiff repeats, reiterates and realleges each and every allegation contained in the prior paragraphs with the same force and effect as if more fully and at length set forth herein.

55. That the plaintiff's rights have been violated under the Fourth and Fourteenth Amendments to the United States Constitution by the defendant County of Nassau.

56. Defendants County of Nassau, Incorporated Village of Hempstead and unidentified Police Officers who were supervisors and final decision makers as a matter of policy and practice, have acted with a callous, reckless and deliberate indifference to plaintiff's constitutional rights under the constitution and the laws of the United States, in that they failed to adequately discipline, train, supervise or otherwise direct police officers in connection with fundamental and recurring constitutional and ethical duties.

57. Defendants County of Nassau, Incorporated Village of Hempstead and unidentified Police Officers who were supervisors and final decision makers as a matter of policy and practice, have with deliberate indifference failed to properly sanction or discipline police officers, including the defendants in this case for violations of the constitutional rights of citizens, thereby causing defendants in this case, to engage in unlawful conduct which did cause the plaintiff to be subjected to deprivations of his civil rights.

58. Defendants County of Nassau, Incorporated Village of Hempstead and unidentified Police Officers who were supervisors and final decision makers as a matter of policy and practice, have with deliberate indifference failed to properly sanction or discipline police officers, including the defendants in this case, who are aware of and subsequently conceal

violations of the constitutional rights of citizens by other police officers thereby causing and encouraging police officers, including defendants in this case, to engage in unlawful conduct.

59. Defendants County of Nassau, Incorporated Village of Hempstead and unidentified Police Officers who were supervisors and final decision makers as a matter of policy and practice, have failed to train the defendants in the proper criteria to investigate crimes and in understanding the rights of citizens.

60. Defendants County of Nassau, Incorporated Village of Hempstead and unidentified Police Officers who were supervisors and final decision makers as a matter of policy and practice, have failed to train the defendants in the proper criteria to properly conduct an investigation.

61. Defendants County of Nassau, Incorporated Village of Hempstead and unidentified Police Officers who were supervisors and final decision makers as a matter of policy and practice, have failed to train the defendants and insure that defendants understand proper comportment, are capable of maintaining appropriate control of their tempers, and are capable of behaving appropriately and properly when wielding the force of law enforcement authority.

62. Defendants County of Nassau, Incorporated Village of Hempstead and unidentified Police Officers who were supervisors and final decision makers as a matter of policy and practice, have failed to train the defendants as to the existence and elements of the affirmative duty of a law enforcement officer to intervene to prevent the preventable violations of citizens' civil rights from being perpetrated by a fellow officer in his or her presence.

63. That by reason of the supervisor's policy and practice of callus, reckless and deliberate indifference to plaintiff's constitutional rights the plaintiff incurred physical,

emotional and pecuniary harms, suffered humiliation, mental anguish, embarrassment, his reputation in the community and he was otherwise injured.

64. That by reason of the aforesaid, the plaintiff has been damaged in a sum to be determined by a jury and an award of attorney's fees is appropriate pursuant to 42 U.S.C. §1988.

## COUNT V

### Malicious Abuse of Process under 42 U.S.C. §1983

65. Plaintiff repeats, reiterates and realleges each and every allegation contained in the prior paragraphs with the same force and effect as if more fully and at length set forth herein.

66. The defendants issued legal process to place plaintiff under arrest.

67. That the defendants arrested plaintiff in order to obtain a collateral objective outside the legitimate ends of the legal process.

68. The defendants acted with intent to do harm to plaintiff without excuse or justification.

69. That defendants aforementioned actions were conscience shocking and placed plaintiff in apprehension of emotional injuries.

70. As a result of defendants' conduct, plaintiff has suffered mental anguish, together with shock, fright, apprehension, embarrassment, humiliation and was otherwise harmed damaged and injured.

## COUNT VI

### New York State Law – False Arrest

71. Plaintiff repeats, reiterates and realleges each and every allegation contained in the prior paragraphs with the same force and effect as if more fully and at length set forth herein.

72. That the plaintiff's rights have been violated under New York State Law, in that the plaintiff was falsely arrested by the defendants.

73. That the said false arrest, was caused by the defendants, their agents, servants and employees, without any legal justification to wit, without probable cause and that the defendants confined the plaintiff, defendants intended to confine plaintiff, plaintiff was conscious of the confinement, plaintiff did not consent to confinement, and confinement was not otherwise privileged.

74. That the defendants conspired together to violate plaintiff's rights in that the individual defendants acted in concert to unlawfully violate plaintiff's rights in committing the false arrest of the plaintiff.

75. That by reason of the unlawful seizure, and detention, the plaintiff incurred mental anguish, emotional distress, loss of professional opportunity, loss of income, legal expenses, loss of reputation, humiliation, indignities, embarrassment, and degradation and he was otherwise injured.

76. That by reason of the aforesaid, the plaintiff has been damaged in an amount to be determined by a jury.

## COUNT VII

### New York State Law – Malicious Prosecution

77. Plaintiff repeats, reiterates and realleges each and every allegation contained in the prior paragraphs with the same force and effect as if more fully and at length set forth herein.

78. Plaintiff's rights have been violated pursuant to the common law of the state of New York via a malicious prosecution.

79. That the said malicious prosecution was initiated by the defendants without any legal justification and without probable cause in that the defendants caused the commencement and continuation of criminal proceedings against plaintiff, the proceedings terminated in his favor via a dismissal and in that the action was commenced and continued intentionally, with malice and deliberate indifference to plaintiff's rights by the defendants.

80. That defendants swore falsely as to the alleged criminal actions of plaintiff and caused the criminal prosecution to be commenced and continued before the false charges terminated in his favor.

81. That by reason of the malicious prosecution, the plaintiff incurred mental anguish, emotional distress, loss of professional opportunity, loss of income, legal expenses, loss of reputation, humiliation, indignities, embarrassment, and degradation and he was otherwise injured.

82. That by reason of the aforesaid, the plaintiff has been damaged in an amount to be determined by a jury.

## COUNT VIII

### New York State Law – *Respondeat Superior*

83. Plaintiff repeats, reiterates and realleges each and every allegation contained in the prior paragraphs with the same force and effect as if more fully and at length set forth herein.

84. At all times relevant to this complaint Unidentified Police Officers acted as agents of, and in the scope of their employment with, defendant Nassau County and/or Defendant Incorporated Village of Hempstead. The conduct by which the Identified and Unidentified Police Officers committed the torts of assault and battery and malicious prosecution was

undertaken while defendants were carrying out their routine function as police officers and while defendants were engaged in such conduct as would have been reasonably expected by, and was in fact foreseen by, their employer. Nassau County and/or Defendant Incorporated Village of Hempstead is liable for the individually named defendants' state law torts of false arrest and malicious prosecution under the doctrine of *respondeat superior*.

85. That by reason of the false arrest and malicious prosecution the plaintiff incurred mental anguish, emotional distress, loss of professional opportunity, loss of income, legal expenses, loss of reputation, humiliation, indignities, embarrassment, and degradation and she was otherwise injured.

86. That by reason of the aforesaid, the plaintiff has been damaged in an amount to be determined by a jury.

## COUNT IX

**New York State Law – Negligent Hiring, Training, Supervision, Retention**

87. Plaintiff repeats, reiterates and realleges each and every allegation contained in the prior paragraphs with the same force and effect as if more fully and at length set forth herein.

88. That the defendant County of Nassau and/or Defendant Incorporated Village of Hempstead negligently hired, trained and supervised the other said defendants who lacked the experience, comportment and ability to be employed by the defendants, in that the defendants failed to exercise due care and caution in their hiring practices, and in particular, in hiring the defendant employees who lacked the mental capacity and the ability to function as employees of the aforementioned defendants; failing to investigate the above-named defendants' background and in that they hired and retained as employees individuals who were unqualified in that the

defendants lacked the maturity, sensibility and intelligence to be employed in their capacity as officers when they were hired.

89. That the defendants County of Nassau and/or Defendant Incorporated Village of Hempstead failed to train employees in the proper criteria for determining probable cause to arrest; proper knowledge of current penal codes, and exercise the proper comportment and temperament; and to otherwise act as reasonable police officers; failed to give them proper instruction as to their investigations, behavior and conduct as representative of their employers; and, in that the defendants, their agents, servants and employees were otherwise reckless, careless, deliberately indifferent and negligent.

90. That by reason of the negligent hiring, training and supervision the plaintiff incurred mental anguish, emotional distress, loss of professional opportunity, loss of income, legal expenses, loss of reputation, humiliation, indignities, embarrassment, and degradation and he was otherwise injured.

91. That by reason of the aforesaid, the plaintiff has been damaged in an amount to be determined by a jury.

**WHEREFORE**, David Williams prays as follows:

A. That the Court award compensatory damages to him and against the defendants jointly and severally, in an amount to be determined at trial;

B. That the Court award punitive damages to him, and against all non-municipal defendants, in an amount, to be determined at trial, that will deter such conduct by defendants in the future;

C. For a trial by jury;

D. For a pre-judgment and post-judgment interest and recovery of his costs, including reasonable attorneys' fees pursuant to 42 U.S.C. § 1988 for all 42 U.S.C. § 1983 claims; and

E. For any and all other relief to which he may be entitled.

Dated: January 15, 2016
      Garden City, New York

BARKET MARION EPSTEIN & KEARON, LLP

By:     /s/
    Alexander R. Klein, Esq.
    666 Old County Road-Suite 700
    Garden City, N.Y. 11530
    (516) 745-1500