# EXHIBIT Q

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
DAVID WILLIAMS,                                                                  CV-14-5959 (JFB) (AKT)

                        Plaintiff,                                      DEFENDANT COUNTY
                                                                                OF NASSAU'S ANSWER
    - against -                                                             AND CROSS-CLAIM

COUNTY OF NASSAU, INCORPORATED
VILLAGE OF HEMPSTEAD, VILLAGE OF
HEMPSTEAD LIEUTENANT MONTERA,
VILLAGE OF HEMPSTEAD POLICE
OFFICER MICHAEL HOLLY, VILLAGE OF
HEMPSTEADPOLICE OFFICER JAMES MORRIS,
JOHN DOE NASSAU COUNTY POLICE
DEPARTMENT OFFICERS, ROGER ROE
VILLAGE OF HEMPSTEAD POLICE OFFICERS,

                        Defendants.
------------------------------------------------------------------------X

      Defendant County of Nassau ("County" or "County Defendant"), by its attorney Carnell T. Foskey, Nassau County Attorney, by Liora M. Ben-Sorek, Deputy County Attorney, answers the Plaintiff's Complaint, upon information and belief, as follows:

      1.    Denies the allegations contained in the unnumbered paragraph preceding the heading "Jurisdiction and Venue" on page 1 of the Complaint.

### ANSWERING THE SECTION: "JURISDICTION AND VENUE"

      2.    Denies the allegations contained in paragraph 1 of the Complaint and respectfully refers questions of law to the Court.

      3.    Denies the allegations contained in paragraph 2 of the Complaint and respectfully refers questions of law to the Court.

      4.    Denies the allegations contained in paragraph 3 of the Complaint and respectfully refers questions of law to the Court.

5.	Denies the allegations contained in paragraph 4 of the Complaint and respectfully refers questions of law to the Court.

6.	Denies the allegations contained in paragraph 5 of the Complaint.

7.	Denies the allegations contained in paragraph 6 of the Complaint and respectfully refers questions of law to the Court.

8.	Denies the allegations contained in paragraph 7 of the Complaint and respectfully refers questions of law to the Court.

## ANSWERING THE SECTION "JURY DEMAND"

9.	To the extent that paragraph 8 contains any allegations the County Defendants denies the allegations.

## ANSWERING THE SECTION "PARTIES"

10.	Denies knowledge or information sufficient to form a belief as to the allegations contained in paragraph 9 of the Complaint.

11.	Denies the allegations contained in paragraph 10 of the Complaint but avers that the County of Nassau is a municipal corporation organized and operating pursuant to the laws of the State of New York.

12.	Denies knowledge or information sufficient to form a belief as to the allegations contained in paragraph 11 of the Complaint.

13.	Denies knowledge or information sufficient to form a belief as to the allegations contained in paragraph 12 of the Complaint and respectfully refers questions of law to the Court.

14.     Denies knowledge or information sufficient to form a belief as to the allegations contained in paragraph 13 of the Complaint, and respectfully refers questions of law to the Court.

## ANSWERING THE SECTION: "PENDENT STATE CLAIMS"

15.     Denies the allegations contained in paragraph 14 of the Complaint, except aver that a document purporting to be a notice of claim was received on or about August 20, 2013.

16.     Denies knowledge or information sufficient to form a belief as to the allegations contained in paragraph 15 of the Complaint.

17.     Denies the allegations contained in paragraph 16 of the Complaint, but avers that more than thirty days has elapsed since a document purporting to be a notice of claim was received.

18.     Denies the allegations contained in paragraph 17 of the Complaint and respectfully refers questions of law to the Court.

19.     Denies the allegations contained in paragraph 18 of the Complaint and respectfully refers questions of law to the Court.

## ANSWERING THE SECTION: "STATEMENT OF FACTS"

20.     Denies the allegations contained in paragraph 19 of the Complaint.

21.     Denies the allegations contained in paragraph 20 of the Complaint.

22.     Denies the allegations contained in paragraph 21 of the Complaint.

## ANSWERING THE SECTION: "DAMAGES"

23.     Denies the allegations contained in paragraph 22 of the Complaint.

24.     Denies the allegations contained in paragraph 23 of the Complaint.

25. Denies the allegations contained in paragraph 24 of the Complaint.

26. Denies the allegations contained in paragraph 25 of the Complaint.

### ANSWERING THE SECTION: "COUNT I CLAIM FOR FALSE ARREST AND UNLAWFUL SEARCH AND SEIZURE PURSUANT TO 42 U.S.C. § 1983 IN VIOLATION OF THE FOURTH AMENDMENT"

27. The County Defendant repeats, realleges and reasserts each and every response contained in paragraphs 1 through 26, above, as if the same were more fully set forth at length herein.

28. Denies the allegations contained in paragraph 27 of the Complaint.

29. Denies the allegations contained in paragraph 28 of the Complaint.

30. Denies knowledge or information sufficient to form a belief as to the allegations contained in paragraph 29 of the Complaint.

31. Denies knowledge or information sufficient to form a belief as to the allegations contained in paragraph 30 of the Complaint.

32. Denies knowledge or information sufficient to form a belief as to the allegations contained in paragraph 31 of the Complaint.

33. Denies knowledge or information sufficient to form a belief as to the allegations contained in paragraph 32 of the Complaint.

34. Denies knowledge or information sufficient to form a belief as to the allegations contained in paragraph 33 of the Complaint.

**ANSWERING THE SECTION: "COUNT II CLAIM FOR MALICIOUS PROSECUTION PURSUANT TO 42 U.S.C. § 1983 IN VIOLATION OF THE FOURTH AND FOURTEENTH AMENDMENTS"**

35. The County Defendant repeats, realleges and reasserts each and every response contained in paragraphs 1 through 34, above, as if the same were more fully set forth at length herein.

36. Denies knowledge or information sufficient to form a belief as to the allegations contained in paragraph 35 of the Complaint.

37. Denies knowledge or information sufficient to form a belief as to the allegations contained in paragraph 36 of the Complaint.

38. Denies knowledge or information sufficient to form a belief as to the allegations contained in paragraph 37 of the Complaint.

39. Denies knowledge or information sufficient to form a belief as to the allegations contained in paragraph 38 of the Complaint, and respectfully refers questions of law to the Court.

40. Denies knowledge or information sufficient to form a belief as to the allegations contained in paragraph 39 of the Complaint.

41. Denies knowledge or information sufficient to form a belief as to the allegations contained in paragraph 40 of the Complaint.

42. Denies knowledge or information sufficient to form a belief as to the allegations contained in paragraph 41 of the Complaint.

43. Denies knowledge or information sufficient to form a belief as to the allegations contained in paragraph 42 of the Complaint.

### ANSWERING THE SECTION: "COUNT III SUPERVISOR LIABILITY PURSUANT TO 42 U.S.C. § 1983 IN VIOLATION OF THE FOURTH AND FOURTEENTH AMENDMENTS"

44. The County Defendant repeats, realleges and reasserts each and every response contained in paragraphs 1 through 43, above, as if the same were more fully set forth at length herein.

45. Denies the allegations contained in paragraph 44 of the Complaint.

46. Denies the allegations contained in paragraph 45 of the Complaint.

47. Denies the allegations contained in paragraph 46 of the Complaint.

48. Denies the allegations contained in paragraph 47 of the Complaint.

49. Denies the allegations contained in paragraph 48 of the Complaint.

50. Denies the allegations contained in paragraph 49 of the Complaint.

### ANSWERING THE SECTION: "COUNT IV 42 U.S.C. § 1983 – MONELL CLAIM"

51. The County Defendant repeats, realleges and reasserts each and every response contained in paragraphs 1 through 50, above, as if the same were more fully set forth at length herein.

52. Denies the allegations contained in paragraph 51 of the Complaint.

53. Denies the allegations contained in paragraph 52 of the Complaint.

54. Denies the allegations contained in paragraph 53 of the Complaint.

55. Denies the allegations contained in paragraph 54 of the Complaint.

56. Denies the allegations contained in paragraph 55 of the Complaint.

57. Denies the allegations contained in paragraph 56 of the Complaint.

58. Denies the allegations contained in paragraph 57 of the Complaint.

59. Denies the allegations contained in paragraph 58 of the Complaint.

60.     Denies the allegations contained in paragraph 59 of the Complaint.

61.     Denies the allegations contained in paragraph 60 of the Complaint.

**ANSWERING THE SECTION: " COUNT V MALICIOUS ABUSE OF PROCESS UNDER 42 U.S.C. § 1983"**

62.     The County Defendant repeats, realleges and reasserts each and every response contained in paragraphs 1 through 61, above, as if the same were more fully set forth at length herein.

63.     Denies knowledge or information sufficient to form a belief as to the allegations contained in paragraph 62 of the Complaint and respectfully refers questions of law to the Court.

64.     Denies knowledge or information sufficient to form a belief as to the allegations contained in paragraph 63 of the Complaint.

65.     Denies knowledge or information sufficient to form a belief as to the allegations contained in paragraph 64 of the Complaint.

66.     Denies knowledge or information sufficient to form a belief as to the allegations contained in paragraph 65 of the Complaint.

67.     Denies knowledge or information sufficient to form a belief as to the allegations contained in paragraph 66 of the Complaint.

**ANSWERING THE SECTION: "COUNT VI NEW YORK STATE LAW – FALSE ARREST"**

68.     The County Defendant repeats, realleges and reasserts each and every response contained in paragraphs 1 through 67, above, as if the same were more fully set forth at length herein.

69.     Denies the allegations contained in paragraph 68 of the Complaint.

70. Denies the allegations contained in paragraph 69 of the Complaint.

71. Denies the allegations contained in paragraph 70 of the Complaint.

72. Denies the allegations contained in paragraph 71 of the Complaint.

73. Denies the allegations contained in paragraph 72 of the Complaint.

### ANSWERING THE SECTION: "COUNT VII NEW YORK STATE LAW – MALICIOUS PROSECUTION"

74. The County Defendant repeats, realleges and reasserts each and every response contained in paragraphs 1 through 73, above, as if the same were more fully set forth at length herein.

75. Denies the allegations contained in paragraph 74 of the Complaint.

76. Denies the allegations contained in paragraph 75 of the Complaint.

77. Denies the allegations contained in paragraph 76 of the Complaint.

78. Denies the allegations contained in paragraph 77 of the Complaint.

79. Denies the allegations contained in paragraph 78 of the Complaint.

### ANSWERING THE SECTION: "COUNT VII NEW YORK STATE LAW – RESPONDEAT SUPERIOR"

80. The County Defendant repeats, realleges and reasserts each and every response contained in paragraphs 1 through 79, above, as if the same were more fully set forth at length herein.

81. Denies the allegations contained in paragraph 80 of the Complaint.

82. Denies the allegations contained in paragraph 81 of the Complaint.

83. Denies the allegations contained in paragraph 82 of the Complaint.

### ANSWERING THE SECTION: " COUNT IX NEW YORK STATE LAW – NEGLIGENT HIRING, TRAINING, SUPERVISION, RETENTION"

84. The County Defendant repeats, realleges and reasserts each and every response to paragraph 1 through 83, above, as if the same were more fully set forth at length herein.

85. Denies the allegations contained in paragraph 84 of the Complaint.

86. Denies the allegations contained in paragraph 85 of the Complaint.

87. Denies the allegations contained in paragraph 86 of the Complaint.

88. Denies the allegations contained in paragraph 87 of the Complaint.

### RESPONDING TO THE RELIEF REQUEST PORTION OF THE COMPLAINT

89. The County Defendant denies that Plaintiff is entitled to the relief requested in paragraphs designated "A" through "E" following paragraph 87 of the Complaint.

### AFFIRMATIVE DEFENSES

90. Should Plaintiff recover damages as a result of a finding of liability in whole or in part against the County Defendant, such recovery should be reduced and diminished in proportion to the degree of comparative negligence of Plaintiff in contributing to said damages.

91. If the Plaintiff sustained the damages as alleged in the Complaint, such damages were sustained solely through and by virtue of the negligent, wrongful, reckless, and/or unlawful conduct of the Plaintiff without any negligence, wrongdoing, recklessness or unlawful conduct on the part of the County Defendant, its agents, servants or employees contributing thereto.

92. Plaintiff has failed to mitigate damages in this matter.

93. The Complaint fails to state a cause of action against the County Defendant upon which relief can be granted.

94. At all times mentioned in the complaint and herein mentioned, all employees of the County Defendant alleged to have anything to do with the plaintiff acted in good faith and without malice.

95. The actions complained of were in full accord with the applicable law.

96. The alleges acts of conduct, under the case of *Monell v. New York City Department of Social Services* does not create vicarious liability pursuant to the doctrine of *respondeat superior* and, consequently, Nassau County cannot be liable for any acts or conduct of any individual defendant herein, as a matter of law.

97. Plaintiff's constitutional and statutory rights have not been violated by the County Defendants.

98. The County of Nassau, its agencies, departments and/or employees at all applicable times herein enjoyed a full, partial or qualified immunity from civil suit.

99. Pursuant to CPLR § 1603, Defendant County of Nassau asserts the limitations contained in CPLR §§ 1601 and 1602 and all rights contained therein.

100. Punitive damages may not be recovered against the County of Nassau as a matter of law.

101. The alleged act(s) or omission(s) of the County Defendant was not the proximate cause of any injury or damage allegedly incurred by the Plaintiff. Any injury or damage incurred by the Plaintiff was the result of his own actions, the actions of others and/or the superseding intervention of causes outside the control of the County Defendant.

**AS AND FOR A CROSS-CLAIM AGAINST THE CO-DEFENDANTS INCORPORATED VILLAGE OF HEMPSTEAD, VILLAGE OF HEMPSTEAD LIEUTENANT MONTERA, VILLAGE OF HEMPSTEAD POLICE OFFICER MICHAEL HOLLY, VILLAGE OF HEMPSTEAD POLICE OFFICER JAMES MORRIS AND ROGER ROE VILLAGE OF HEMPSTEAD POLICE OFFICERS**

102. If the Plaintiff sustained the damages alleged in the Complaint through any negligence, wrongdoing, recklessness and/or unlawful conduct other than that of the Plaintiff, such damages were caused by and resulted from the negligence, wrongdoing, recklessness and/or unlawful conduct of the co-defendants, Incorporated Village of Hempstead, Village of Hempstead Lieutenant Montera, Village of Hempstead Police Officer Michael Holly, Village of Hempstead Police Officer James Morris, and Roger Roe Village of Hempstead Police Officers.

103. If the Plaintiff recovers a verdict against the defendant County of Nassau for the damages alleged in the Complaint, such liability would have been caused by the negligence, wrongdoing, recklessness and/or unlawful conduct of the co-defendants, Incorporated Village of Hempstead, Village of Hempstead Lieutenant Montera, Village of Hempstead Police Officer Michael Holly, Village of Hempstead Police Officer James Morris, and Roger Roe Village of Hempstead Police Officers.

104. By reason of the foregoing, if any judgment is rendered in favor off the Plaintiff against the defendant County of Nassau, then the co-defendants Incorporated Village of Hempstead, Village of Hempstead Lieutenant Montera, Village of Hempstead Police Officer Michael Holly, Village of Hempstead Police Officer James Morris, and Roger Roe Village of Hempstead Police Officers, will be liable to the County of Nassau in whole or in part for said verdict and for the costs and expenses incurred by the County of Nassau in the defense of this action.

WHEREFORE, defendant County of Nassau demands judgment dismissing the Complaint herein, and/or if judgment is rendered against the defendant, County of Nassau, that said defendant have judgment in like amount against the co-defendants Incorporated Village of

Hempstead, Village of Hempstead Lieutenant Montera, Village of Hempstead Police Officer Michael Holly, Village of Hempstead Police Officer James Morris, and Roger Roe Village of Hempstead Police Officers, together with the costs and disbursements of this action, and such other and further relief as this Court deems just and proper.

Dated: Mineola, New York
November 10, 2014

                  CARNELL T. FOSKEY
                  Nassau County Attorney
                  One West Street
                  Mineola, New York 11501

            By: *Liora M. Ben-Sorek*
                  Liora M. Ben-Sorek
                  Deputy County Attorney
                  (516) 571-3014
                  Attorney for Defendant County of Nassau

To: Amy B. Marion, Esq. (Via ECF)
    Barket Marion Epstein & Kearon, LLP
    666 Old Country Road, Suite 700
    Garden City, New York 11530
    (516) 741-1500
    Attorneys for Plaintiff

    William J. Garry, Esq. (Via ECF)
    Kadion Dewayne Henry, Esq. (Via ECF)
    Harris Beach, PLLC
    333 Earle Ovington Blvd., Suite 901
    Uniondale, New York 11553
    (516) 880-8490
    Attorneys for Co-Defendants
    Incorporated Village of Hempstead,
    Montera, Holly and Morris