UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------X

DAVID WILLIAMS,

                          Plaintiff,


                -against-


COUNTY OF NASSAU, INCORPORATED
VILAGE OF HEMPSTEAD, VILLAGE OF
HEMPSTEAD LIEUTENANT MONTERA,
VILLAGE OF HEMPSTEAD POLICE
OFFICER MICHAEL HOLLY, VILLAGE OF
HEMPSTEAD POLICE OFFICER JAMES
MORRIS, VILLAGE OF HEMPSTEAD
POLICE OFFICER GABRIEL TORRES, JOHN
DOE NASSAU COUNTY POLICE
DEPARTMENT OFFICERS, ROGER
ROE VILLAGE OF HEMPSTEAD POLICE
OFFICERS,

                          Defendants.

----------------------------------------------------------------X

14-CV-5959
(JFB)(AKT)

SETTLEMENT
AGREEMENT AND
COMPLETE RELEASE

## SETTLEMENT AGREEMENT AND COMPLETE RELEASE

THIS SETTLEMENT AGREEMENT AND COMPLETE RELEASE (the "Agreement") is made as of the 23rd day of October, 2017 (the "Settlement Agreement"), by and between the Plaintiff, David Williams (hereinafter referred to as "Plaintiff"), his attorneys Barket, Marion, Epstein & Kearon, LLP; Defendants County of Nassau, John Doe, Nassau County Police Department Officers, (hereinafter collectively referred to as "County Defendants"), their attorney Nassau County Attorney's Office; and Defendants Incorporated Village of Hempstead, Village of Hempstead Lieutenant Montera, Village of Hempstead Police Officer Michael Holly, Village of Hempstead Police Officer James Morris, and Village of Hempstead Police Officer Gabriel Torres (hereinafter collectively referred to as "Village Defendants"); their attorneys Harris Beach PLLC. Plaintiff, his attorneys, County Defendants

and their attorneys and Village Defendants and their attorneys sometimes are referred to below individually as a "Party" or collectively as the "Parties."

**WHEREAS,** Plaintiff commenced the above captioned action on October 14, 2014 pursuant to 42 U.S.C. §1983, Fourth Amendment and Fourteenth Amendment to the United States Constitution (hereinafter referred to as the "Action" and/or "Complaint"); and

**WHEREAS,** Plaintiff, the County Defendants and Village Defendants recognizing, among other things, the expenses and costs of litigation, desire to settle and terminate the Action, without any findings of wrongdoing or of liability against any party hereto.

**NOW THEREFORE,** for and in consideration of the promises, agreements, covenants and conditions herein, the adequacy and sufficiency of which are hereby expressly acknowledged by each of the parties hereto;

**IT IS HEREBY STIPULATED AND AGREED,** by and between the parties and their undersigned counsel as follows:

1.    This Settlement Agreement constitutes a compromise and settlement of all claims that Plaintiff has against Nassau County, it's agencies, departments, officers, police officers, officials, agents and employees, Michael O'Brien and Robert Lashinsky s/h/a John Doe(s), individually and in their official capacity, and Incorporated Village of Hempstead, its agencies, departments, officers, police officers, officials, agents and employees, Vincent Montera, Michael Holley s/h/a Michael Holly, James Morris and Gabriel Torres, individually and in their official capacity, in all matters arising out of the disputed claims set forth in this matter and involving Plaintiff. Nothing contained herein, nor any actions taken by any Party in connection herewith, shall constitute, be construed as, or be deemed to be, an admission of fault, liability or wrongdoing of any kind whatsoever, or an admission of a lack of a claim or

2

defense on the part of any Party hereto. Each of the Parties hereto expressly denies any fault, liability, or wrongdoing, and intends merely to avoid further litigation with the other party.

2. Each of the Parties hereto shall do all things reasonably necessary and appropriate to further effect the settlement of this Action, including, but not limited to, the execution and delivery of all appropriate documents required by this Settlement Agreement.

3. After the full execution and delivery of this Settlement Agreement and a Stipulation and Order of Dismissal, the County Defendants by the County of Nassau shall deliver to Plaintiff a check in the amount of Twenty-Six Thousand Two Hundred and Fifty ($26,250.00) Dollars made payable to "Barket Marion Epstein & Kearon, LLP., as attorneys for David Williams" in full satisfaction of all claims, fees and costs, and attorney's fees incurred by Plaintiff in initiating and pursuing the Action (the "County Payment").

4. After the full execution and delivery of this Settlement Agreement and a Stipulation and Order of Dismissal, the Village Defendants by the Inc. Village of Hempstead shall deliver to Plaintiff a check in the amount of Twenty-Eight Thousand Seven-Hundred and Fifty ($28,750.00) Dollars made payable to "Barket, Marion, Epstein & Kearon, LLP, as attorneys for David Williams" in full satisfaction of all claims, fees and costs, and attorney's fees incurred by Plaintiff in initiating and pursuing the Action (the "Village Payment").

5. The Parties agree to keep this Agreement strictly confidential and not to disclose the terms of the settlement, including but not limited to, the amount paid under the terms of the Agreement, except as required by law, or in connection with any steps taken to effectuate compliance with or enforcement of this Agreement. The Parties shall, however, be permitted, if necessary, to disclose the terms of this Agreement to their spouses and immediate family who shall be informed of the confidentiality of this Agreement, to legal or tax advisors or tax

3

authorities and/or if required pursuant to Court order, Court-issued subpoena or administrative proceeding.

6.    In consideration of the covenants undertaken herein by the County Defendants including, without limitation, the payment described in Paragraph 3 of this Agreement, and in exchange for the County Payment and other valuable consideration set forth in this Settlement Agreement, Plaintiff, for himself, his heirs, executors, administrators, successors, agents, legal representatives and assigns (collectively, the "Releasors") hereby RELEASES AND FOREVER DISCHARGES Nassau County, its agencies, departments, officers, correction officers, officials, agents and employees, the Nassau County Police Department, and Michael O'Brien and Robert Lashinsky, individually and in their official capacity, (collectively, the "County Releasees"), of and from all manner of actions, proceedings, causes of action, suits, debts, dues, sums of money, accounts, contracts, controversies, agreements, promises, damages, fines, judgments, claims, liabilities and demands whatsoever, whether arising at law or in equity or arising out of federal, state or city constitutions, statutes, ordinances, by-laws or regulations and all claims for attorneys' fees, costs, disbursements or the like, which the Releasors ever had, now or may have, for, or by reason of any matter, cause event or thing whatsoever, from the beginning of time up to and including the date when Plaintiff executes this Settlement Agreement, except as to enforcement of the Settlement Agreement.

7.    In consideration of the covenants undertaken herein by the Village Defendants including, without limitation, the payment described in Paragraph 4 of this Agreement, and in exchange for the Village Payment and other valuable consideration set forth in this Settlement Agreement, Plaintiff, for himself, his heirs, executors, administrators, successors, agents, legal representatives and assigns (collectively, the "Releasors") hereby RELEASES AND FOREVER DISCHARGES Incorporated Village of Hempstead, its agencies, departments, officers,

4

correction officers, officials, agents and employees, the Incorporated Village of Hempstead Police Department, and Vincent Montera, Michael Holley, James Morris and Gabriel Torres, individually and in their official capacity, (collectively, the "Village Releasees"), of and from all manner of actions, proceedings, causes of action, suits, debts, dues, sums of money, accounts, contracts, controversies, agreements, promises, damages, fines, judgments, claims, liabilities and demands whatsoever, whether arising at law or in equity or rising out of federal, state or city constitutions, statutes, ordinances, by-laws or regulations and all claims for attorneys' fees, costs, disbursements or the like, which the Releasors ever had, now or may have, for, or by reason of any matter, cause event or thing whatsoever, from the beginning of time up to and including the date when Plaintiff executes this Settlement Agreement, except as to enforcement of the Settlement Agreement.

8. Plaintiff intends the release provided herein to be a complete general release of all his claims to the fullest extent permissible under the law.

9. Plaintiff represents and warrants to and in favor of the County Defendants and Village Defendants, that he has not heretofore assigned or transferred, or purported to assign or transfer, to any person or entity, any claim or claims against the County Defendants and/or Village Defendants relating to the Complaint and/or the matters alleged therein. Further, Plaintiff agrees to indemnify and hold harmless the County Defendants and Village Defendants from any claims or causes of action based on, or arising out of or in connection with, any such transfer or assignment or purported transfer or assignment, including reasonable attorneys' fees incurred by the County Defendants and Village Defendants in the defense of such action(s).

10. Plaintiff agrees to hold the County Defendants and Village Defendants harmless against any and all liens and/or estate claims which may be asserted against this settlement, and

5

acknowledges and agrees that he will be solely responsible for the payment of any taxes that are or may become due as a result of his receipt of the Payment provide for herein.

11.     Plaintiff represents and warrants to and in favor of the County Defendants and Village Defendants that the only attorneys who have represented Plaintiff in this Action are affiliated with Barket, Marion, Epstein & Kearon, LLP and such partners and associates employed by or with them.

12.     Except as to his right to enforce this Settlement Agreement, Plaintiff hereby covenants and agrees that he will not at any time hereafter commence, pursue, maintain, or prosecute any action, suit, grievance or proceeding of any kind against Nassau County, the County Defendants and/or the Released Parties with respect to any act, omission or transaction occurring up to and including the date of this Settlement Agreement.

13.     Simultaneously with the execution of this Settlement Agreement, Plaintiff, by and through his attorney, counsel for the County Defendants and counsel for the Village Defendants, shall execute the Stipulation and Order of Dismissal attached hereto which shall be filed with the Eastern District New York Clerk's Office by the Village Defendants without further notice.

14.     Other than the Complaint in this Action, Plaintiff represents that he has not commenced, maintained or prosecuted any action, charge, complaint or proceeding of any kind against Nassau County, its agencies, departments, officers, correction officers, officials, agents and employees, the Nassau County Police Department, or Michael O'Brien or Robert Lashinsky, individually and/or in their official capacity, that is currently pending in any court, or before any administrative or investigative body or agency relating to and/or arising from the matters alleged in the Complaint of this Action, and acknowledges that this representation constitutes a material inducement for the County Defendants to enter into this Settlement Agreement.

6

15. Other than the Complaint in this Action, Plaintiff represents that he has not commenced, maintained or prosecuted any action, charge, complaint or proceeding of any kind against Incorporated Village of Hempstead, its agencies, departments, officers, correction officers, officials, agents and employees, the Incorporated Village of Hempstead Police Department, or Vincent Montera or Michael Holly or James Morris or Gabriel Torres, individually and/or in their official capacity, that is currently pending in any court, or before any administrative or investigative body or agency relating to and/or arising from the matters alleged in the Complaint of this Action, and acknowledges that this representation constitutes a material inducement for the Village Defendants to enter into this Settlement Agreement.

16. The Parties and their counsel and shall, within 30 days of receipt of Payment as described in paragraphs 3 and 4 herein, return to counsel for the Defendants all copies of all Confidential Information produced in Accordance with said Agreement, including without limitation with respect to Confidential Information made available to any and all experts.

17. Plaintiff specifically represents and warrants that he has read this Settlement Agreement carefully, understands all of the terms and provisions of this Settlement Agreement (or have had same explained to him to his satisfaction), discussed the Settlement with his attorney(s), has signed the Settlement Agreement voluntarily and of his own free will, and shall abide by its provisions without exception.

18. This Settlement Agreement constitutes the entire agreement among the Parties hereto pertaining to the subject matter hereof and supersedes and embodies, merges and integrates all prior and current agreements and understandings of the Parties hereto with respect to the subject matter of this Settlement Agreement, replaces all prior negotiations and agreements relating to this action, whether written or oral, and may not be clarified, modified, changed or amended except in writing signed by counsel for the parties.

19. The Parties each waive, to the fullest extent permitted by law and equity, their right to a jury trial in any action between the parties arising out of this Settlement Agreement, and agree that any such trial shall be in the United States District Court, Eastern District of New York. This Settlement Agreement shall be governed by the both federal laws and substantive law of the State of New York, without giving effect to principles of conflict of laws.

20. This Agreement is binding upon, and shall inure to the benefit of, the parties and their respective heirs, executors, beneficiaries, administrators, successors and assigns. By the signatures appearing below, Plaintiff, the County Defendants and Village Defendants represent and warrant that they are authorized to enter into this Agreement and intend this Agreement to be binding and enforceable against all parties.

21. If any provision of this Agreement or the application thereof is held invalid, such invalidation shall not affect other provisions or applications of this Agreement and to this end, the provisions of this Agreement are declared to be severable.

22. This Agreement may be executed in counterparts, and each counterpart, when executed, shall have the efficacy of a signed original. Photographic, facsimile and/or electronic copies of such signed counterparts may be used in lieu of the originals for any legitimate purpose.

23. Plaintiff understands the right to payment of the sum specified in Paragraphs 3 and 4 of this Settlement Agreement will be within ninety (90) days from the date of receipt by counsel for the County Defendants and Village Defendants of this Settlement Agreement, fully executed by Plaintiff, pursuant to New York Civil Practice Law & Rules Section 5003-a(c). Plaintiff further understands that counsel for the County Defendants and Village Defendants have represented that Nassau County and Incorporated Village of Hempstead, respectively will make diligent efforts to process the Settlement without undue delay.

8

IN WITNESS WHEREOF, the parties hereto, intending to be legally bound,

have caused this Agreement to be executed as of the dates set forth below.

FOR PLAINTIFF:

_David Williams_
David Williams

Sworn to before me this
20th day of October, 2017

_Notary Public_
Notary Public

BUZANNE M. ODONOGHUE
NOTARY PUBLIC, State of New York
No. 01OD6289480
Qualified in Suffolk County
Commission Expires Sept. 30, 2021

PLAINTIFF'S COUNSEL
BARKET MARION EPSTEIN & KEARON, LLP

By: _Amy Marion, Esq._
Amy Marion, Esq.
666 Old Country Road, Suite 700
Garden City, New York 11530

Dated: October 20th, 2017
Garden City, New York

FOR COUNTY DEFENDANTS:

CARNELL T. FOSKEY
Nassau County Attorney

By: _John Hardly, Esq._
John Hardly, Esq.
Deputy County Attorney
One West Street
Mineola, New York 11501
(516) 571-3071

Dated: October 23, 2017
Mineola, New York

FOR VILLAGE DEFENDANTS:
HARRIS BEACH PLLC

By: _William J. Garry, Esq._
William J. Garry, Esq.
333 Earle Ovington Blvd., Suite 901
Uniondale, New York 11553
(516) 880-8484

Dated: October 23, 2017
Uniondale, New York

9